BOUTALL, Judge.
The lessors sought a declaratory judgment to declare the status of a lease relative to the exercise of an option to renew by lessees. The trial court held that the option was exercised and the lease was binding. The lessors appeal.
Petitioners, Joseph and Frank Dimitri, leased to defendants, Hugh C., John C. and H. Charles Snell, the premises known as “John-Charles Restaurant” for a term of five years ending on November 30, 1972. Latter & Blum, Inc., was lessors’ agent. The lease contained the following provisions:
“Lessee is hereby granted the privilege to renew this lease for an additional Five Years (60 Months) at One Thousand ($1,000.00) Dollars per month by giving notice in writing by Certified or Registered mail to Agent or Landlord not later than June 1, 1972.”
*1384 The basic issue here then is whether the lessees exercised the option in accordance with those terms. The trial court found that it was in fact exercised stating:
“I am satisfied from the entire testimony and documents in the case that the conduct of the lessor, Mr. Dimitri, as well as his agent, Latter and Blum, indicates to me that the option was exercised and that the lease is in full force and effect under the terms of the option until November 30th, 1977.”
From this we reason that the trial judge must have believed the testimony of Hugh C. Snell that on February 3, 1972, he consulted his attorney who prepared a letter addressed to Latter & Blum, Inc., the agents, that he brought it to his brother for his additional signature, and that he mailed it by Certified Mail at the post office. We note that this is supported by the testimony of his brother and by the attorney, who furnished a copy of the letter that had remained in his file since that time. On the other hand, we also note that no certification certificate could be produced, and that the representative of Latter & Blum denies receipt of such a letter. These facts are in large part dependent upon the trial judge’s assessment of the credibility of the witnesses, and we cannot say he erred in his determination. By his stated reasons, the trial judge must have been persuaded to this belief by the fact that Latter & Blum had within their files a letter to its attorney dated June 28, 1973 stating that the lease had been renewed in late 1972, and that the agent considered the lease renewed.[1] Similarly the lessor could have considered the lease renewed, because for 4 years after renewal date there was not even so much as a discussion as to whether the lease had been renewed or not, yet the lessee was some $5,000.00 in arrears in the rent. The lessor took no action on the lease nor made any efforts to change the existing agreement until he notified lessee of rental increase on November 3, 1976, after his insurance premiums increased drastically.
Based upon these facts, we affirm the ruling of the trial judge. It is apparent that there are several other hypotheses which could arise from this record, and which are as reasonable as the one proposed. However we cannot merely substitute our opinion for that of the trial judge. It must be shown that his decision is manifestly erroneous and an abuse of his discretion in determining the weight and sufficiency of the evidence.
Accordingly, the judgment is affirmed.

AFFIRMED.

. Since 1969 a dispute existed between lessor and agent as to the amount of fee owed and the matter was in the hands of the attorneys at this time. The fact that the attorney for Latter & Blum had the file in his office at the apparent time of the notification may have had some bearing on the nonappearance of the notification letter in Latter & Blum’s file.